IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| MICHELE RENE KOLB | : | CASE NO: 1-15-03426-HWV |
| | : | |
| Debtor | : | |

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | : SS. |
| COUNTY OF DAUPHIN | : |

### AFFIDAVIT

The undersigned, Tracy L. Updike, having been duly sworn, hereby states as follows:

1. This Affidavit is made for purposes of an Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses.

2. I am more than twenty-one (21) years of age and competent to give this Affidavit regarding the matters herein stated.

3. I, Tracy L. Updike, became bankruptcy counsel for the above-referenced Debtor(s) while employed at Schiffman, Sheridan and Brown ("SSB"), and continued as bankruptcy counsel with my move to Mette, Evans & Woodside ("MEW").

4. I maintained contemporaneous hourly records and directed billing of my clients.

5. My financial arrangement with the Debtor(s) encompassed the Presumed Reasonable Fee ("PRF") until confirmation, with hourly billing thereafter.

6. On November 5, 2015, Debtor(s)' Plan was confirmed and thereafter I received the Presumed Reasonable Fee through payments from the Chapter 13 Trustee.

7. I understand that the Court has a duty under In re Busy Beaver Building Centers, Inc., 19 F.3d 833 (1994) to review fee applications, which derives from the Court's inherent obligation to monitor the debtor's estate and to serve the public interest.

8. SSB changed their document management system sometime in late 2020, and when the information was imported from PCLaw, the time and billing software, somewhere in the conversion all time and fee entries for almost 30 years have been lost.

9. I do not have any supporting documentation that I can provide at this time for

1

time pre-September 2019.

10. However, by review of the docket and filed documents that I have maintained, I can certify it is my belief that the compensation sought and the compensation paid, the PRF, was reasonable compensation for actual, necessary services rendered by me given (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services, and (v) the cost of comparable services in non-bankruptcy cases.

11. In particular, I assert the PRF compensated for work from October 2015 to October 2019. It included preparation for filing, including document collection and the addition of a Motion to Reimpose Stay and Motion for Expedited Hearing. It included the typical petition, schedules, matrix, plan and hearings; it also included a motion for wage attachment, a Motion to Approve Adequate Assurance of Utility, defense of a Motion for Relief, an Application to Employ Special Counsel, a Motion to Approve Settlement, and a motion to defer plan payments. It is my belief that should I have access to time records, my hourly compensation, which was originally $275/hr. on this file, and later $300/hr. on this file, would have exceeded the PRF.

12. My client was aware of the amounts billed on her account, was provided a copy of the pending Application for Compensation and Reimbursement of Expenses submitted by me on behalf of MEW, and did confirm to me via electronic writing on July 12, 2021, that she agreed with the amounts billed and did not object.

_____
Tracy L. Updike

Sworn to and subscribed before me
this 13th day of July 2021

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
JENNIFER L SCHADE - Notary Public
Dauphin County
My Commission Expires Jun 30, 2024
Commission Number 1299416